UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROSZETTA CLEMONS,

                Petitioner,

v.

ATLANTIC COUNTY SUPERIOR COURT,

                Respondent.

Civil Action No. 25-14183 (JXN)

**OPINION**

**NEALS**, District Judge

    This matter comes before the Court on *pro se* Petitioner Roszetta Clemons' ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), the Court has carefully considered the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, the Petition is **dismissed without prejudice**, and no certificate of appealability shall issue.

    **I.**    **BACKGROUND**

    According to her Petition, Petitioner is a pretrial detainee currently confined at Atlantic County Justice Facility, in Mays Landing, New Jersey. (ECF No. 1 at 1.) Petitioner challenges her pre-trial detention. (*See generally id.*) Petitioner appears to be seeking to litigate violations of her due process regarding the denial of bail and her arrest. (*See id.* at 1.) Plaintiff claims that she was "racially profiled" and has not been provided with "bail or bond." (*Id.* at 2.) Petitioner seeks immediate release. (*Id.* at 8.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit in *Moore* therefore held that although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. Thus, where no exceptional circumstances are present and a petitioner seeks to litigate the merits

of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*

### III.  DISCUSSION

In her Petition, Petitioner seeks to challenge her pending criminal proceedings by raising claims regarding the validity of her arrest and denial of bail. (*See generally* ECF No. 1.) Petitioner does not assert that she has exhausted any claims in state court. Additionally, there is nothing extraordinary about the claims Petitioner raises, which include the validity of her arrest and the denial of bail. (*Id.*) Petitioner, therefore, appears to be attempting to prematurely raise her criminal defenses via habeas, a tactic Third Circuit caselaw will not allow. *See Duran*, 393 F.3d at 4 (affirming dismissal of a § 2241 habeas petition by state pretrial detainee alleging in part he was subject to warrantless arrest and was detained without probable cause hearing because petitioner did not exhaust and failed to show extraordinary circumstances); *Moore*, 515 F.2d at 445 ("We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."). Petitioner has failed to present claims over which the Court can exert pre-trial habeas jurisdiction, as Petitioner has not exhausted her claims nor presented extraordinary circumstances warranting habeas relief without exhaustion prior to her criminal trial.

Petitioner must first exhaust her claims before all levels of the New Jersey courts and, if she is unsuccessful, she may then present her claims to this Court in a petition for writ of habeas corpus. *See Moore*, 515 F.2d at 445 (stating that adequate state-court review remains available to

3

the petitioner "at trial and thereafter, on appellate review"). Accordingly, the Petition is dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED without prejudice.** A certificate of appealability shall not issue. An appropriate order follows.  and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

**DATED**: September 9, 2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge